ORRIN PERKINS & others *vs.* NATHAN WESTON & others.

The school committee of a town have no such property in the school registers required by law to be kept, as will enable them to maintain trespass for the taking of the same out of their possession.

THE facts of this case, which was tried before *Mellen*, J., in the court of common pleas, and came to this court upon exceptions, fully appear in the opinion of the court.

*H. Hubbard* and *F. O. Sayles*, for the plaintiffs.

*J. Rockwell*, for the defendants.

METCALF, J. This is an action of trespass for taking and carrying away, in May, 1847, eight school registers, and seems to have been brought for the purpose of trying the question whether the plaintiffs or the defendants, at the time of the alleged trespass, were the legal school committee of the town of Savoy. The defendants pleaded the general issue, and filed a specification of defence, in which, among other things, they averred " that the property alleged to have been taken was not the property of the plaintiffs, but of the town." At the trial in the court of common pleas, it appeared that the defendants, claiming to be the school committee, took the registers from the plaintiffs, who made the same claim. The defendants contended, pursuant to their specification, that the registers were the property of the town, and that the plaintiffs, even if they were the legal school committee, had no such property in the registers as would enable them to maintain this action. The presiding judge so ruled; a verdict was returned for the defendants; and the case comes before us upon exceptions to this ruling.

We are of opinion that the ruling was right. A party cannot maintain an action of trespass for taking and carrying away chattels from him, unless he had actual or constructive possession thereof, at the time of the taking, and also a general or qualified property therein. As against a mere stranger and wrong-doer, possession is sufficient evidence of property. But the possession of a servant is the legal possession of the

master only ; and when chattels are taken from the servant, they are taken from the possession of the master, who alone can maintain trespass and recover damages against the taker. Gouldsb. 72, pl. 18 ; *Bloss* v. *Holman*, Owen, 52 ; 2 Bl. Com. 396 ; Hammond's Nisi Prius, 222 ; 3 Steph. N. P. 2636. See also *Addison* v. *Round*, 6 Nev. & Man. 422. So the possession of an officer of a corporation is the possession of the corporation ; and when chattels belonging to the corporation are taken from him, they are taken from the possession of the corporation, which alone is entitled to sue for and recover damages for the taking, unless the officer is authorized by statute to sue in his own name.

In the present case, we are of opinion that the school committee had no property, general or qualified, in the school registers, and no such possession thereof, distinct from the possession of the town, as is required by law in order to enable them to maintain this action and recover damages to their own use ; but that they had only the custody or charge of the registers, as officers and servants of the town. By the Rev. Sts. *c.* 23, § 65, the secretary of the commonwealth is directed to furnish every town, yearly, with blank forms of returns of schools, which, by §§ 62–64, the school committees are required to make to him. And by § 66, no apportionment of the school fund can be made to any town which shall have failed to make school returns for the year next preceding the time of such apportionment. The *St.* of 1837, *c.* 227, prescribed a new form of returns, but made no other alteration in the preëxisting law. The *St.* of 1838, *c.* 105, imposed further duties on school committees, and directed that the forms of the blanks and the inquiries provided by *St.* 1837, *c.* 227, should thereafter be prescribed by the board of education, and that school committees should fill the blanks and answer the inquiries, in the same manner and under the same provisions, as they were before required by law to do. The board of education were also directed to prescribe a blank form of a register to be kept in schools, and the secretary of the commonwealth was directed to forward

copies of the same to the school committees, who were directed to cause registers to be faithfully kept, according to the form prescribed. By *St.* 1845, *c.* 100, the secretary of the commonwealth was directed to cause blank school returns and registers to be forwarded to the sheriffs of the several counties, who were directed to forward them to the town clerks of the several towns; and by *St.* 1845, *c.* 157, the said secretary was directed to transmit register books, sufficient to last for five years or more, instead of the single sheets for registers, which were theretofore transmitted; and it was also enacted, that no school teacher should be entitled to receive payment for his services, until the register for his school, properly filled up and completed, should be deposited with the school committee, or with some other person designated by them to receive it.

Such was the law when the alleged trespass was committed by the defendants, and when this action was commenced And we are of opinion, on the grounds already stated, that the plaintiffs (even if they were the legal school committee) cannot maintain an action of trespass for the taking of the registers from them, any more than the bookkeeper of a merchant or of a bank can maintain the like action for the taking from him of the merchant's or the bank's books.

*Exceptions overruled.*